IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RUTH MARIA HERNANDEZ, | * | |
| Plaintiff, | * | |
| vs. | * | CV 113-079 |
| CITY OF THOMSON and its council members, and JOE D. NELSON in his individual capacity, | * | |
| Defendants. | * | |

# O R D E R

Before the Court is Defendants' partial motion to strike Plaintiff's third amended complaint. (Doc. no. 58.) For the reasons set forth herein, Defendants' motion is **GRANTED**.

On September 5, 2013, Plaintiff sought leave to amend her first amended complaint to add a claim under 42 U.S.C. § 1983 for the deprivation of her constitutional rights under the Equal Protection Clause. (Doc. no. 36.) The Court denied the motion to the extent that she sought to add a gender discrimination claim and granted the motion to the extent that she sought to add a pregnancy discrimination claim. (Doc. no. 41.) The Court concluded that

> Plaintiff's allegations of pregnancy discrimination lack the necessary link to reveal invidious gender discrimination. Plaintiff alleges that Defendants terminated her employment because she was pregnant and that their reason for terminating her employment--that she was unfit to perform assigned duties--was pretext for pregnancy discrimination.

> She does not offer any factual allegation that
> Defendants were motivated by a discriminatory
> animus against her gender.

(Order dated February 5, 2014.) Despite this clear instruction to Plaintiff that her pregnancy-related claim may go forward but her gender-related claim may not go forward, Plaintiff included language in her third amended complaint ("T.A.C.") that refers to both claims. Citing the Court's February 5 Order, Defendants move to strike the language in the T.A.C. that points to gender discrimination.

Specifically, Defendants argue that the word "gender" in paragraph 24 should be struck. Paragraph 24 alleges that

> Plaintiff brings this action to recover her lost
> wages, benefits and other compensation resulting
> from Defendants' aforesaid gender/pregnancy
> discriminatory policy, procedure, or practice . . .

(T.A.C. ¶ 24.) Plaintiff insists that the word "gender" in this paragraph is merely descriptive of the condition of pregnancy and therefore should not be struck. The Court finds that the word "pregnancy" next to the word "gender" is sufficiently descriptive of the condition of pregnancy. More importantly, Plaintiff's inclusion of the word "gender" here violates the Court's express guidance to Plaintiff in the February 5 Order. The word "gender" is therefore **STRUCK**.

On the same grounds, Defendants also urge the Court to strike paragraph 28 in its entirety. That paragraph alleges that

> Plaintiff's male counterparts with the City Police

2

> Department were allowed to work in less strenuous jobs during periods of physical disability and were allowed to use the Family Medical Leave to cover periods of total disability until they received a return to work authorization from a physician.

(T.A.C. ¶ 28.) Defendant contends that the reference to "male counterparts" is focused on gender rather than pregnancy. Plaintiff responds that pregnancy discrimination is a form or subset of gender discrimination and therefore the reference to men in that paragraph is appropriate. If paragraph 28 read "non-pregnant counterparts, both male and female alike" rather than simply "male counterparts," then Defendants' argument would be considerably weaker. However, as currently worded, the Court finds that the paragraph is focused on a gender discrimination theory, which the Court expressly rejected in the February 5 Order. Therefore, the paragraph is **STRUCK**.

Defendant also argues that the first sentence in paragraph 31 should be struck because it is immaterial to the attorney's fees Plaintiff seeks. Plaintiff agrees. That sentence is **STRUCK**.

**IT IS ORDERED** that Defendants' partial motion to strike Plaintiff's third amended complaint (doc no. 58) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of January, 2015.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia

3