IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
RUTH MARIA HERNANDEZ,      *
                           *
     Plaintiff,            *
                           *
     v.                    *    CV 113-079
                           *
CITY OF THOMSON,           *
                           *
     Defendant.            *
```

O R D E R

Presently before the Court is Defendant's motion for summary judgment (Doc. 70). For the reasons below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

The present dispute arises out of Plaintiff's employment as a patrol officer for the City of Thomson Police Department ("Department"). (Third Amend. Compl., Doc. 57.) Hired on June 2, 2010, Plaintiff worked for Defendant City of Thomson for eight months before notifying Chief of Police Joseph D. Nelson, on February 16, 2011, that she was pregnant. (Nelson Dec., Doc. 70-4, at 2.) As part of her notification, Plaintiff provided Chief Nelson with a doctor's note indicating that she should "go off road patrol immediately." (Id. at Ex. A.) Accordingly, Chief Nelson placed Plaintiff on leave.

In the days that followed, the Department requested more information from Plaintiff's doctor. (Grant Dec., Doc. 70-3, at 5.) In a response dated February 21, 2011, Plaintiff's doctor relayed that Plaintiff should avoid several actions, including lifting objects heavier than thirty-five pounds and engaging in situations where she is exposed to being hit, pushed, or pulled. (Id., Ex. F, at 35.) Then, in response to a later Department inquiry on March 2, 2011, Plaintiff's doctor stated that such limitations should run through November 21, 2011 - six weeks after Plaintiff's anticipated due date. (Id. at 31.)

Given this information and the following five circumstances, Defendant - namely City Administrator Don Powers - terminated Plaintiff's employment on March 21, 2011. (Third Amend. Compl., Doc. 57; Powers Dec., Doc. 70-5, at 4.) First, Plaintiff had exhausted all of her accrued leave as of March 9, 2011. (Grant Dec., Doc. 70-3, at 9.) Second, because she had not been employed by Defendant for twelve months, Defendant determined that Plaintiff was not eligible for medical leave under the Family Medical Leave Act or city policy. (Id.) Third, Chief Nelson provided that he had no light duty assignments that Plaintiff could fill. (Nelson Dec., Doc. 70-4, at 3.) Fourth, Shanda Grant, Human Resources Director for the City of Thomson, determined that Defendant did not have any positions that Plaintiff could fill. (Grant Dec., Doc. 70-3, at 6-7.) Finally, Administrator Powers concluded that as long as

2

Plaintiff was in a budgeted position within the Department, Defendant could not hire another officer to cover Plaintiff's shifts. (Powers Dec., Doc. 70-5, at 4.)

Following her termination, Plaintiff filed this suit, which has involved no less than three causes of action and nine defendants. However, prompted by multiple motions, the Court has significantly narrowed the parties and claims at issue. (See Docs. 41, 80.) Now, only Plaintiff's 42 U.S.C. § 1983 claim against Defendant City of Thomson remains. With this claim, Plaintiff asserts that Defendant violated the Equal Protection Clause of the Fourteenth Amendment by denying Plaintiff "temporary light duty assignments" and "Family Medical Leave" while providing non-pregnant, disabled employees with such options. (Third Amend. Compl., Doc. 57.) In response, Defendant filed the instant motion for summary judgment (Doc. 70). Since that time, both parties have submitted their briefs, and consistent with Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), the Clerk has provided Plaintiff with notice of the motion, the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default (Doc. 73). Consequently, Defendant's motion for summary judgment is ripe for the Court's consideration.

## II. DISCUSSION

Defendant's motion for summary judgment will be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this context, facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the contentions of the parties, the Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor," United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

Initially, the moving party bears the burden and must show the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining

4

Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex, 477 U.S. 317). Before evaluating the non-movant's response in opposition, the Court must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its

5

burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Instead, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

Under § 1983, municipalities "may not be held liable for constitutional deprivations on the theory of *respondeat superior*." Doe v. Sch. Bd. of Broward Cnty., 604 F.3d 1248, 1263 (11th Cir. 2010). Instead, "'municipal liability is limited to action for which the municipality is actually responsible.'" Id. (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986)). More specifically, a municipality "may be held liable 'only if such constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law.'" Id. (quoting Denno v. Sch. Bd. of Volusia Cnty., Fla., 218 F.3d 1267, 1276 (11th Cir. 2000)).

In this case, Plaintiff bases her § 1983 claim on "the actions of an official fairly deemed to represent government policy." Specifically, Plaintiff argues that Defendant's liability should be based upon Administrator Powers' decision to terminate Plaintiff and thereby deny her a temporary light duty assignment and family medical leave. (Pl.'s Resp., Doc. 79, at 23-24.) However, municipal liability can only arise from

6

decisions by a municipal official if that person has "'final policymaking authority.'" Doe, 604 F.3d at 1264 (quoting Denno, 218 F.3d at 1276). According to the Eleventh Circuit, final policymaking authority is "a matter of state law to be determined by the trial judge," and such authority cannot be had if one's decisions on a particular issue are "subject to meaningful administrative review." See id. (finding no final policymaking authority where school officials' recommendations could be overruled by the district superintendent or school board); Scala v. City of Winter Park, 116 F.3d 1396, 1401 (11th Cir. 1997)(finding no final policymaking authority where decisions of a city manager and public safety director could be reversed by a city civil service board); see also Martinez v. City of Opa-Locka, Fla., 971 F.2d 708, 714 (11th Cir. 1992)(finding final policymaking authority where "the City Manager's decision to hire or fire administrative personnel is completely insulated from review").

Viewing the facts in the light most favorable to Plaintiff, Administrator Powers was the individual who city officials believed to have ultimate authority over Plaintiff's termination. (Nelson Dep., Doc. 78-3, at 14-15.) However, because the issue of final policymaking authority is a matter of law, their beliefs are irrelevant. For the inquiry at hand, only the City of Thomson Employee Handbook ("Handbook")(Powers Dep., Doc. 78-1, Ex. 1) is pertinent. See Martinez, 971 F.2d at

7

713 (stating that the determination of final policymaking authority is governed by "state law, including valid local ordinances and regulations").

Arguing that Administrator Powers had final policymaking authority over her termination, Plaintiff first cites to Paragraph 6.602, Section 6 of the Handbook:

> If an employee requests a review of a reprimand or an <u>adverse action</u>, the city administrator shall conduct an information conference with the employee and the supervisor issuing the reprimand or adverse action . . . . Within ten (10) days of the conference, the city administrator shall either uphold the action, overrule the action, or substitute other disciplinary action in place of the action taken by the supervisor. The city administrator's decision on all reviews shall be <u>final and not subject to appeal</u>.

Plaintiff then cites to the definition of adverse action as found in Paragraph 2.100, Section 2 of the Handbook:

> An action taken for any reason by the appointing authorities or designee that results in a suspension without pay, salary reduction, demotion, or dismissal.

Yet, conversely, Defendant emphasizes the definition of adverse action as found in Paragraph 6.500, Section 6 of the Handbook:

8

> [A]n action taken for any reason by the appointing authorities or their designees that results in a disciplinary suspension without pay, disciplinary salary reduction, disciplinary demotion, or disciplinary dismissal.

Under this latter definition, because Plaintiff was not dismissed for disciplinary reasons, Plaintiff's termination would not have constituted an adverse action for purposes of Paragraph 6.602.

Having examined both parties' arguments, the Court concludes that the definition of adverse action that is applicable to Paragraph 6.602 is the definition found in Paragraph 6.500. While the Court acknowledges the Paragraph 2.100 definition, it cannot conclude that this definition controls over the Paragraph 6.500 definition. Had Defendant intended for the Paragraph 2.100 definition to apply, it would not have placed the Paragraph 6.500 definition within the same section as Paragraph 6.602.[1]

Given this conclusion, any appeal of Plaintiff's termination would have been governed by section 7. In section 7, Paragraph 7.303 indicates that an employee may take the

---

[1] On March 21, 2011, Plaintiff signed a "City of Thomson Record of Disciplinary Action" indicating that she was being discharged because of medical conditions making her unfit for duty. (Doc. 79-1 at 8.) Along with this disclosure, the document also stated that Plaintiff could appeal pursuant to section 6 of the Handbook. However, because Plaintiff was not discharged for disciplinary reasons, she had not suffered an "adverse action" within the meaning of section 6. Consequently, contrary to the contents of the notice, Plaintiff could not have sought an appeal under that section.

following steps to appeal the decision of the city administrator:

> If the employee is dissatisfied with the city administrator's decision, he may obtain a review by the mayor and council. . . . The mayor and council shall make such investigation and conduct hearings as they deem necessary and shall . . . inform the employee, in writing, of their findings and decision. The decision of the mayor and council shall be <u>final</u>.

Based on this provision, Administrator Powers' decision to terminate Plaintiff could have been appealed to the mayor and council. Further, because the mayor and council are required to inform the aggrieved employee, in writing, of their findings and ultimate decision, this review is meaningful. As a result of this opportunity for meaningful review, Administrator Powers did not have final policymaking authority over Plaintiff's termination, and Defendant City of Thomson cannot be liable under Plaintiff's § 1983 claim.

### III. CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion for summary judgment (Doc. 70) and directs the Clerk to **ENTER JUDGMENT** in favor of Defendant. The Court further **DIRECTS** the Clerk to **TERMINATE** all motions and deadlines and **CLOSE** this

case. Costs are taxed against Plaintiff and in favor of Defendant.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of January, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA